KIFF HILL HOLSTEINS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kiff Hill Holsteins, Inc. v. Commissioner
Docket No. 626-87
United States Tax Court
T.C. Memo 1989-471; 1989 Tax Ct. Memo LEXIS 471; 57 T.C.M. (CCH) 1485; T.C.M. (RIA) 89471; August 31, 1989
Richard E. Honen, for the petitioner. Robert E. Marum, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b) of the Code and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL *472 JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure properly to prosecute under Rule 123(b). Respondent determined a deficiency of $ 147,741 in Federal income tax for petitioner's tax year ending November 30, 1977. Respondent also determined that petitioner was liable for additional interest under section 6621(d) on the ground that petitioner had a substantial underpayment of tax attributable to tax-motivated transactions. [2]
This case, along with several other cases identified by respondent as the "Dreamstreet Holsteins" project, was originally calendared for trial on September 29, 1987. At this trial session, counsel for petitioner represented other taxpayers in a trial which lasted several days. After recesses to accommodate the availability of various expert witnesses, the trial session concluded on October 21, 1987. At the beginning of the September 29th session, counsel for petitioner advised the Court that they were not ready for trial *473 but that, by the end of the trial session, they expected to have their case ready for presentation. At the conclusion of the session, counsel advised the Court they were not ready but were of the opinion that the parties could confer, and the case could possibly be submitted to the Court under Rule 122, fully stipulated. Respondent objected to a continuance and orally moved to dismiss for failure properly to prosecute. The Court deferred ruling on the motion and ordered respondent to file a written motion. Respondent's written motion was filed on October 29, 1987. On December 14, 1987, respondent's motion was denied. The parties were ordered to confer to either settle the case or to submit the case fully stipulated. In the alternative, the parties were ordered to advise the Court of the issues in the case and to approximate the time required for trial. Exactly one year later, respondent filed a motion to calendar the case for trial for the reason that the parties were unable to effect either a settlement or to agree on those facts necessary to submit the case for purposes of Rule 122. Respondent's motion was granted and a second trial session was scheduled for April 21, 1989, at *474 which this case and other cases in the Dreamstreet Holsteins project were calendared for trial. The parties were ordered to file a trial memorandum on or before April 7, 1989, and, during the week of April 10, 1989, the parties were to confer with the Court by telephone to advise the Court whether the case would in fact be tried and, if so, approximately how long the trial would take. Respondent timely filed a report, adhering to the original trial memorandum which had been filed in anticipation of the earlier trial session. Petitioner did not file a trial memorandum nor had it filed a memorandum for the earlier trial session. The parties conferred by telephone with the Court on April 11, 1989. Counsel for petitioner advised the Court that the case had not been settled, and they were having difficulty with their client in preparing the case for trial. Counsel then advised the Court of their intention to withdraw from the case, conditioned upon petitioner's executing decision documents conceding the adjustments in the notice of deficiency. The decision documents were to be executed by a duly authorized officer of petitioner, rather than counsel, and, at the time of filing with *475 the Court, the motion to withdraw as counsel for petitioner would be simultaneously filed. Counsel for respondent agreed to this procedure. At the call of the calendar on April 21, 1989, counsel for petitioner did not appear nor did anyone appear on behalf of petitioner. However, counsel for respondent advised the Court of receiving from petitioner's counsel on April 20, 1989, the following facsimile message: "With respect to Kiff Hill, it is my understanding from one of Kiff Hill's principals that petitioner Kiff Hill will execute decision documents based on the tax deficiency set forth in the 90-day letter. It is my further understanding that simultaneously therewith our firm will file its motion to withdraw as counsel for Kiff Hill." Respondent advised the Court that decision documents, in accordance with the agreement of the parties, were being forwarded to counsel, to be executed by one of petitioner's principals, and thereafter the executed documents would be filed with the Court. However, respondent filed a written motion to dismiss for failure properly to prosecute and requested the Court hold the motion in abeyance for 60 days pending receipt of the decision documents. *476 The Court was subsequently advised that petitioner refused to execute the decision documents, whereupon a notice of filing of the motion was served on petitioner. Petitioner filed an objection, and the motion was calendared for hearing. At the hearing, petitioner's counsel offered what the Court considers a most pathetic explanation for their failure to present their case for trial on April 21, 1989: "The only problem has been that upon seeing the decision document the client has had a change of heart. * * * It was always a case that we thought was going to be settled or stipulated to which we attempted to do. We were unsuccessful." Counsel insisted that his client was then ready for trial. Rule 123(b) provides in pertinent part: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's *477 failure to appear at trial can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without published opinion . Petitioner has no reason to complain that it was not afforded the opportunity to present its case. At the conclusion of the first trial session on October 21, 1987, in commenting upon respondent's original motion to dismiss, which was subsequently denied, this Court advised petitioner's counsel: Mr. Apple, the Court does not like to grant such a motion where a party is represented by very able counsel. I think you should contact your clients immediately and tell them that this case was calendared for trial. It is purely out of courtesy to you as an attorney and as a member of the Bar of this Court that the Court is allowing this type of delaying action * * *. I think it is incumbent that you get together with your clients and sort of lay it on the line, either we go to trial *478 or we don't. If you intend to go to trial, then you need to file opposition to the motion, which the Court will consider. * * * You certainly need, if your clients intend to go to trial, you need to file an opposition to the motion and state cogent reasons why the motion should be denied and why your clients want to go to trial and why they did not show up * * * for the trial. The Court has some difficulty in understanding petitioner's explanation that it was taken by surprise at the amount of the deficiency, when the notice of deficiency was issued almost three years earlier, on October 9, 1986. The principal officer of petitioner was Francis W. Wood, an individual who was President of Dreamstreet Holsteins, Inc., the promoter in the series of cases identified as the Dreamstreet Holsteins project. Mr. Wood was present throughout most of the trial session, which commenced on September 29, 1987, testified as a witness, and was certainly aware that this case had been calendared for trial at that session. Following the denial of respondent's original motion to dismiss, counsel for the parties had numerous contacts with each other in attempts to settle the case or submit the case *479 to the Court under Rule 122. When these efforts proved fruitless, this case was again calendared for trial. Counsel for petitioners never moved for continuance and, up to the date of trial, counsel was of the belief that petitioner would concede the case and execute the decision documents. It appears that petitioner decided after the scheduled trial date that it would proceed to trial rather than concede the adjustments in the notice of deficiency. This change of heart obviously does not comport with the intent of this Court's Rules of Practice and Procedure: A case is set for trial; this Court expects and the parties expect that either the case is heard, the case settles, or the case is continued for cause. Where the failure properly to prosecute is attributable to petitioner, Rule 123(b) vests authority in the Court to dismiss the case against such petitioner. This case bears some parallel to , affg. . In affirming this Court's dismissal of the case for failure properly to prosecute, the Fifth Circuit stated: The present case has been pending for a sufficient length of time *480 to enable petitioners to prepare their case. The notices of deficiencies were dated April 26, 1972 and July 24, 1972. Taxpayers filed their petitions on July 24, 1972 and August 7, 1972. Since that time this action has been set for trial three times. On each occasion taxpayers sought a continuance. Even in the absence of intentional effort to delay this trial, taxpayers cannot expect constantly to assign priorities to other legal matters at the expense of this case without suffering any prejudice. Two and one-half years before taxpayers' case was dismissed, they had been warned that the court would look unfavorably upon further requests for continuance. . The Court finds that petitioner has not properly prosecuted its case. Accordingly, respondent's motion to dismiss is granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Subsection (d) of section 6621 was redesignated as subsection (c) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1511(c)(1)(A)-(c), 100 Stat. 2744.↩